J. V. ROWAN, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 99430, 99431, 99433, 99434. Promulgated August 8, 1940.

*Muckleroy McDonnold, Esq.*, for the petitioners.
*Wilford H. Payne, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Bertha White Rowan, Alvin C. Hope, and Consuelo C. Hope.

494

OPINION.

BLACK: The statute applicable to the only issue which we have to decide in this proceeding is section 131 of the Revenue Act of 1936, the pertinent parts of which are printed in the margin.[1]

---

[1] SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and

(2) RESIDENT OF UNITED STATES.—In the case of a resident of the United States, the amount of any such taxes paid or accrued during the taxable year to any possession of the United States; and

\* \* \* \* \* \* \*

(4) PARTNERSHIPS AND ESTATES.—In the case of any such individual who is a member of a partnership or a beneficiary of an estate or trust, his proportionate share of such

Petitioners concede that the partnership of Rowan & Hope did not pay to the Government of Mexico any income tax during the year 1937. They contend, however, that there were certain accrued income taxes due the Republic of Mexico by Rowan & Hope at the end of the taxable year 1937.

The partnership set up on its books an item of $4,665 as a reserve for income tax accrued to the Mexican Government for the taxable year ended December 31, 1937. The proportions of this amount which each petitioner took as a credit in filing his income tax return for 1937, which credits the Commissioner has disallowed, are shown in our findings of fact. Petitioners do not now claim the full amount of these credits which they took on their income tax returns, but in their brief they have reduced their claims, as shown by the following quotation therefrom:

During the year 1937, income taxes payable to Mexico in the amount of $2,490.68 accrued against income earned by the partnership of Rowan and Hope in Mexico. Each petitioner is entitled to credit for income taxes paid to a foreign country in the amount of $622.67, one-fourth of $2,490.68.

It is undoubtedly true that, if during the year 1937 any income tax imposed by the Mexican Government accrued against the partnership of Rowan & Hope, the members of the partnership, under section 131, *supra*, would be entitled to credit for their proportional parts of such accrued income tax. The partnership would not have had to pay the tax during the year 1937. It would be sufficient if the tax accrued against the partnership.

The Mexican income tax laws under which the payments made by the partnership of Rowan & Hope in 1938 were assessed were not introduced in evidence. The Board does not take judicial notice of foreign laws. Foreign laws, to be considered by the Board, must be proved. *Columbian Carbon Co.*, 25 B. T. A. 456, 465. The Declaracion Provisional (translated Provisional Declaration) filed with the Mexican Government March 24, 1938, and the Impuesto Sobre la Renta Cedula Primera Comercio (translated "Income Tax First

---

taxes of the partnership or the estate or trust paid or accrued during the taxable year to a foreign country or to any possession of the United States, as the case may be.

\* \* \* \* \* \* \*

(d) YEAR IN WHICH CREDIT TAKEN.—The credits provided for in this section may, at the option of the taxpayer and irrespective of the method of accounting employed in keeping his books, be taken in the year in which the taxes of the foreign country or the possession of the United States accrued, subject, however, to the conditions prescribed in subsection (c) of this section \* \* \*.

(e) PROOF OF CREDITS.—The credits provided in this section shall be allowed only if the taxpayer establishes to the satisfaction of the Commissioner (1) the total amount of income derived from sources without the United States, determined as provided in section 119, (2) the amount of income derived from each country, the tax paid or accrued to which is claimed as a credit under this section, such amount to be determined under rules and regulations prescribed by the Commissioner with the approval of the Secretary, and (3) all other information necessary for the verification and computation of such credits.

Schedule Commerce) filed with the Mexican Government November 22, 1938, were both introduced in evidence. These documents contain certain extracts from Mexican law and regulations. If these be considered sufficient proof of Mexican law, the fact still remains that none of these show that any income tax accrued against the partnership of Rowan & Hope for the period August 25, 1937, when the partnership began business in Mexico, to December 31, 1937, the end of the calendar year.

On the contrary, the evidence of Mexican law shown by these returns, if it be considered evidence, was to the effect that the partnership was required to file for the first 6 months of its operations in Mexico a provisional declaration covering its operations for the 6-month period just closed and pay the tax shown to be due thereon. This petitioner did on March 23, 1938, covering the period August 25, 1937, to February 24, 1938. Also the partnership was required to file a return for the full 12-month period beginning August 25, 1937, and ending August 24, 1938, and pay the tax shown thereon, taking into consideration the tax already paid under the provisional declaration. This it did on November 22, 1938. Thus we see that both taxable periods ended in 1938. So far as the evidence shows, the partnership had no taxable period under Mexican law which began on August 25, 1937, the date it began business and ended December 31, 1937, the end of the calendar year. Therefore, we can not say that under Mexican law any income tax accrued against the partnership in 1937. Under the income tax law of the United States there is no such thing as imposing an income tax for a taxable period which does not exist. *Oklahoma Contracting Corporation*, 35 B. T. A. 232, and cases there cited. We have no evidence that any different rule prevails under Mexican law.

Petitioners contend for the right to apportion the tax which accrued at the end of the 6-month period ended February 24, 1938, between the portion of the period which fell in 1937 and the portion which fell in 1938 and take the portion allotted to 1937 as a credit in filing income tax returns for that year. We know of no law, or Board or court decision, which would permit such an apportionment. The statute allows "a credit of the amount of any income, war-profits, and excess-profits taxes which has accrued or has been paid during the taxable year to any foreign country", and that means the whole tax and not a mere portion of it. The facts in the instant case are not like those in *United States* v. *Anderson*, 269 U. S. 422. In that case the munitions tax was levied upon the taxpayer's 1916 income, and the Supreme Court said that it should be accrued as a liability against 1916 income even though it was not assessed and payable until 1917. The gist of the Court's opinion in the *Anderson* case was that the taxable period was the calendar year 1916 and,

therefore, at the end of that year the tax had accrued and was deductible from 1916 income and for no other year, by one which kept its books on an accrual basis.

As we have already endeavored to point out, the taxable period of the partnership of Rowan & Hope under Mexican law did not end December 31, 1937. The first period ended February 24, 1938, and the second period ended August 24, 1938. Therefore, both the accrual and payment of income taxes of the partnership to the Mexican Government fell in the year 1938. On this issue we sustain the Commissioner. Our holding in this respect does not mean that petitioners will be deprived of a credit, under section 131 of the Revenue Act of 1936, for the income taxes paid to the Mexican Government by the partnership. It simply means that they must claim such credit for the year when the taxes were accrued and paid, which was the year 1938.

*Decision will be entered under Rule 50.*